### No. 11,479.

### MRS. ANNA CHAPOTON VS. HER CREDITORS.

The opponent to the homologation of the tableau of distribution of the syndic moves to dismiss the appeal of the syndic from the judgment amending and homologating his tableau.

The decision appealed from reduces the amount of three of the claims, as carried on the tableau of distribution.

The decision of the District Court upon each of the claims, carried on the tableau, is a separate judgment in favor of each creditor.

This judgment must remain undisturbed, if the creditors accept it as correct and

do not choose to appeal from the judgment reducing the amount. The syndic is without authority to appeal, for he is without interest, and is not aggrieved· The appellees whose claims were reduced being quiescent, the syndic is without authority to prosecute an appeal in their behalf.

APPEAL from the Fourteenth District Court, Parish of Iberville. Talbot, J.

Alex. Hebert Attorney for Syndic, Appellant:

Interest must be computed from the date of the claim to the time of filing the final account of the syndic, and not simply from the date of the claim to the day of the sale of the effects of the insolvent. 9 La. 268; 3 An. 337; 30 An. 716.

Ernest T. Florance Attorney for John G. Spor, Opponent and Appellee:

Interest ceases to run against an insolvent estate upon a special privilege, from the date of sale of property subject to the privilege. 12 Robinson, 404, Collier vs. Creditors.

A syndic, who is himself a creditor with first-special privilege, can not, by failing to provisionally distribute the estate so as to extinguish his privilege, compel the estate to pay interest on his claim up to the final distribution.

ON MOTION TO DISMISS THE APPEAL.

The opinion of the court was delivered by

BREAUX, J. The syndic of the creditors of Mrs. Anna Chapoton having, in that capacity, filed his tableau of distribution and prayed for a judgment of homologation, it was opposed by J. G. Spor, a mortgage creditor of the insolvent, on the grounds that the interest allowed A. Wilbert's Sons Lumber and Shingle Company is illegal; that the sum allowed to the notary and experts was excessive, and that C. Joubert & Co. should be charged with the expense incurred in selling the goods on which they had a privilege.

Upon the trial of the opposition the court a qua amended the tableau by rejecting items for interest allowed to the A. Wilbert's Sons Lumber and Shingle Company and by reducing the fee of the notary and by charging C. Joubert & Co. with certain costs amounting to $20.

From the judgment thus amending the tableau of distribution only the syndic of the creditors in his official capacity, prosecutes the appeal. The creditors affected by the amendment have not interposed any objection whatever on appeal.

The opponent Spor, an appellee, moves the court to dismiss the appeal, for the reason that the syndic has no interest in the judgment appealed from; that he is not aggrieved, and that he is without any right to appeal.

It is elementary that an appellant must have an interest in the controversy or substantial rights involved therein in order that he may sustain an appeal.

A syndic is authorized to appeal to have a judgment reviewed which affects his rights as a syndic of the creditors he represents.

The syndic in the case at bar has no appealable interest. He is not concerned as syndic in the claims of creditors.

Each creditor whose claim has been approved by the judgment of homologation is a separate judgment creditor.

The creditors *inter se* are the parties litigant. Their respective claims are settled contradictorily on the tableau. The judgment is binding upon all the parties who do not appeal.

The syndic, being without interest, is without authority to interfere, that a judgment may be increased in behalf of a creditor who does not complain.

The judgment in effect increased the *residuum* applied to the mortgage indebtedness. To this no opposition is interposed by the creditors whose claims were reduced.

The syndic *en concurso* proceedings can not be concerned for or against the judgment in so far as it reduces or disallows the claims of a creditor. The creditors have all rights needful to the protection of their interest. They can not be subjected to litigation on appeal, because he the syndic, assumes that one creditor should receive a larger amount than that allowed, though he, the creditor, does not appeal and files no complaint against the correctness of the judgment.

The creditors are aggrieved and not the estate or the syndic.

It is not possible that the common fund will be increased by any action of the syndic on appeal.

The subject was discussed in the case of Payne vs. Dejean, 32 An. 890, in which an administrator sought to sustain an appeal from a judgment amending an account of administration.

The official capacity of the defendant did not enable her to obtain a review of the judgment.

She represented on appeal that a claim due her personally was illegally disallowed.

The court held that as to that claim she was not in her official capacity a representative of the creditors and that if she was aggrieved by the judgment her remedy was by appeal in her personal right.

Her appeal as administratrix was dismissed. The court in support of the ruling cited decisions in appeals from judgment homologating tableaux of distribution in insolvency proceedings as in point.

The appeal by the administrator and syndic is treated as similar in each case.

In one of the cited cases, that of Beer & Co. vs. Their Creditors, 12 An. 774, in which the case of Girod vs. Creditors, 2 An. 548, is followed, the principle is enunciated that "in the general administration of the effects of the insolvent, the syndic represents the creditors;" but *en concurso*, the creditors act for themselves, each claim is a separate judgment belonging to the creditor.

The syndics are chosen to attend to the interests of the creditors of the insolvent and represent the mass of the creditors and may take such legal steps as are needful to protect the assets and legally add to the amount to be distributed.

It is nowhere stated that they are authorized to take appeals and control them in the interest of creditors who do not complain.

The syndic being before us in his official capacity and not in his individual right, the appeal is dismissed.

It is not possible, in this appeal, in which he appears only as syndic, to condemn him to pay the costs individually.

The claim for costs of appeal can not now be determined as between the syndic personally and the opponent appellee.

The question can be decided contradictorily between them. They are not both before this court in this appeal.

It is ordered, adjudged and decreed that the appeal in this case be dismissed.